## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **DANA MICHELLE ZAMPEDRI,**<br><br>**Plaintiff,**<br><br>v.<br><br>**FEDERAL BUREAU OF INVESTIGATIONS, DRUG ENFORCEMENT AGENCY, LAYTON POLICE DEPARTMENT and CLINTON POLICE DEPARTMENT,**<br><br>**Defendants.** | **REPORT & RECOMMENDATION**<br><br>**Case No. 1:22-cv-00031**<br><br>**District Court Judge Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

On March 3, 2022, the court granted *pro se* Plaintiff Dana Michelle Zampedri ("Plaintiff") leave to proceed *in forma pauperis*, without prepayment of fees. (ECF No. 3; ECF No. 4); *see* 28 U.S.C. § 1915 ("IFP Statute"). As set forth herein, the court has now screened Plaintiff's complaint and recommends dismissal for frivolousness and failing to state a claim upon which relief may be granted. *Id.*

### STANDARD OF REVIEW

The IFP Statute requires dismissal of a case if the court determines that the action "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Under the statute, a court has the power to dismiss when a plaintiff offers a meritless legal theory or where the factual contentions alleged "are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 338 (1989). A complaint fails to state a claim when it does not "contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

While plaintiff's status as a *pro se* litigant relaxes pleading standards, it does not eliminate the basic requirement that the complaint contain facially plausible claims.

## DISCUSSION

Plaintiff's complaint asserts *Bivens* and 42 U.S.C. § 1983 claims against Defendants Federal Bureau of Investigation, Drug Enforcement Agency, Layton Police Department and Clinton Police Department (collectively "Defendants"). (ECF No. 4.) Plaintiff asserts that, under the guise of a medically necessary cataract surgery, Defendants "unlawfully by way of conspiring" allowed her eye doctor "to place surveillance devices in [her] body, without consent." (*Id.* at 4.) The surveillance devices "have cameras, antennas, data chip[s] and solar panels embedded inside them" which allow Defendants to see everything Plaintiff is doing and "have control over her body." (*Id.* at 4, 7.)

Section 1915 grants this court the power to "'pierce the veil of the complaint's factual allegations.'" *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (*quoting Neitzke,* 490 U.S. at 327)). Thus, while Plaintiff's allegations must be viewed in her favor, a "court may dismiss a claim as factually frivolous. . . if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id.* at 23-33 (citations omitted). A determination of factual frivolousness is proper "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Here, Plaintiff's assertions fit the definition of factual frivolousness. For instance, Plaintiff contends that, once activated, the surveillance devices burned holes in her feet and

caused her to buy fentanyl "from the streets". (ECF No. 4 at 4, 5.) In turn, Plaintiff claims she is

being "raped" by Defendants watching and monitoring her through the implanted technology.

(*Id.* at 7.) These fantastic claims have a delusional quality and are patently unbelievable. As a

result, the claims in Plaintiff's complaint must be dismissed as factually frivolous. *See* 28 U.S.C.

§ 1915(e)(2)(B)(i). Further, Because Plaintiff's allegations cannot be remedied "through more

specific pleading" they should therefore be dismissed with prejudice. *Harold v. Univ. of Colo.*

*Hospital,* 680 F. App'x 666, 671 (10th Cir. 2017).

## RECOMMENDATION

 Accordingly, for the reasons stated the Court recommends dismissal of Plaintiff's action

with prejudice for frivolousness or "failure to state a claim on which relief may be granted." 28

U.S.C. § 1915(e)(2)(B).

Copies of the foregoing Report and Recommendation are being sent to all parties who are

hereby notified of their right to object. Within fourteen (14) days of being served with a copy,

any party may serve and file written objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Failure to object may constitute a waiver of objections upon subsequent review.

IT IS SO ORDERED this 18th day of April, 2022.

BY THE COURT:

_____

Dustin B. Pead

U.S. Magistrate Judge